LIXEY v MONTROSE TOWNSHIP CLERK

1. Towns—Townships—Trustees—Annual Township Meetings—Statutes.

A majority of the electors attending a township's annual meeting may by their votes increase the number of township trustees from two to four (MCLA 168.358; MSA 6.1358).

2. Towns—Townships—Trustees—Township Elections—Annual Township Meetings—Statutes.

An increase in the number of trustees on a township board may be accomplished by a majority vote at a township election or by a majority vote at an annual township meeting (MCLA 168.358; MSA 6.1358).

Appeal from Genesee, Ollie B. Bivins, J. Submitted June 23, 1977, at Lansing. (Docket No. 30474.) Decided July 7, 1977.

Complaint by Martha Lixey and Alford Harrington against the Montrose Township Clerk for a declaratory judgment that an increase in the number of trustees on the township board, a motion for which was supported and carried at the annual township meeting, was intended to and did in fact create two additional seats on the board. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Thomas M. Donnellan,* for plaintiff.

*Peter C. Payette, P. C.,* for defendant.

References for Points in Headnotes

[1, 2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 157, 168.

What constitutes requisite majority of members of municipal council voting on issue. 43 ALR2d 698.

Before: D. F. Walsh, P. J., and Quinn and H. D.
Stair,* JJ.

Quinn, J. This case involves the question of how
a township increases the number of trustees. De-
fendant appeals from a judgment which upheld
the increase of the number of trustees as voted at
an annual township meeting. Construction of
MCLA 168.358; MSA 6.1358 is required for the
answer to the question.

The facts have been stipulated:

"1. The attached transcript, consisting of two pages
and entitled 'Transcript of the Tape, April 3, 1976
Annual Meeting' is identical to defendant's exhibit 2
offer at trial. Further, the transcript accurately sets
forth the motion of John D. Cherry, as it appears in the
first paragraph on the first page thereof.[1]

"2. Pursuant to judgment of the Trial Court herein
entered defendant-appellant caused to be elected at the
August 3, 1976 primary election partisan candidates for
three township seats (one vacated and two newly cre-
ated).

"3. At the November General Election the three
trustee seats were filled and there are at this time four
trustees serving on the Montrose Township Board.

"4. At the primary election aforementioned the fol-
lowing referendum appeared on the ballot:

"Shall the Township Board of the Township of Mont-
rose, County of Genesee, Michigan be expanded from 5
to 7 members by the election of two additional Town-
ship Trustees, pursuant to 1925 PA 351, as amended?

"A majority of the voters voted no, thus declining to
increase the number of township trustees. The Town-
ship Clerk placed the question on the ballot without
any vote of the Township Board and no petitions were
presented. On no occasion has the question been pre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This is the record of the motion to increase the number of trustees
and its passage.

sented to the township voters in accordance with MCLA 168.358, although the township has been qualified under the statute for several years."

The pertinent statutory provisions of MCLA 168.358; MSA 6.1358 are:

"In every township * * * there shall be elected by ballot * * * two trustees * * * .

"In townships now or hereafter having a population of 5,000 or over, or now or hereafter having 3,000 or over qualified and registered electors, as shown by the registration records at the close of registration for the last preceding November election, there may be elected in such township 4 trustees. In other townships there shall be 2 trustees. No township shall elect 4 trustees unless the election of additional trustees is approved by the voters at a regular township election or by a majority of the voters attending at an annual meeting. The township board of any township hereafter having a population of 5,000 or over, or having 3,000 or over qualified and registered electors, shall cause the question of electing additional trustees to be voted on at the first township election following the township's qualifying for additional trustees. If a majority of the electors voting on such question vote in favor thereof, the township shall thereafter elect 4 trustees. If a majority of the electors voting on the question do not vote in favor thereof, the township board may resubmit the question at any subsequent township election or the question shall be submitted at the first township election held at least 49 days following the submission of a petition containing the signatures of at least 10% of the registered and qualified electors of the township as shown by the registration records at the close of registration for the last preceding November election asking that such question be submitted. At the first regular township election in any township held at least 4 months after the provisions of this section relative to additional trustees shall have been adopted, there shall be elected such number of trustees as is necessary to make a total of 4 trustees. Nothing in this section shall

be construed to prohibit townships now electing 4 trustees from continuing to do so."

Both sides present the same question on appeal: "May a majority of the electors attending an annual township meeting increase the number of township trustees from two to four?"

Defendant contends that the only legal way to increase the number of trustees is by majority vote at a township election. Plaintiffs contend that it may also be accomplished by majority vote at the annual meeting.

If defendant's construction is adopted, the words "or by a majority of the voters attending at an annual meeting" become inoperative and that provision is destroyed. Such a construction violates *King v Second Injury Fund,* 382 Mich 480; 170 NW2d 1 (1969). We decline to adopt it.

Affirmed but without costs, a public question being involved.